IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BRIDGET LARSEN,**<br><br>                  **Plaintiff,**<br>v.<br><br>**IRON COUNTY et al.**<br><br>                  **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:13-cv-01103-DN-PMW**<br><br>**District Judge David Nuffer**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Defendants Iron County, Mark Gower, and Jody Edwards's (collectively "Defendants") motion for protective order or, alternatively, to require Plaintiff to bear the costs of redaction and production;[2] and (2) Plaintiff Bridget Larsen's ("Plaintiff") motion to compel production of the same documents.[3] Judge Nuffer ordered the parties to follow the Short Form Discovery Motion Procedure.[4] Despite this, both sides filed long form motions.[5] Going forward, the court will deny any motion that fails to comply with Judge Nuffer's order.

Plaintiff was a paramedic for Iron County Ambulance Service ("ICAS"). Plaintiff alleges that ICAS implemented a policy that improperly limited her free speech rights, and that she was

---

[1] Docket no. 32.

[2] Docket no. 27.

[3] Docket no. 41.

[4] Docket no. 11.

[5] *See* docket no. 27 and 41.

terminated after raising certain issues about ICAS practices. Those issues included, *inter alia*, (1) "lack of compliance with the Paramedic Ambulance Service Response Configuration and state regulations in terms of the required equipment, medication, staff and training"; and (2) "fraudulent ambulance billing practices."[6] Plaintiff alleges that she is a whistleblower and that her rights under the First Amendment and Utah's Protection of Public Employees Act have been violated.

The two motions are two sides of the same coin—Plaintiff seeks to compel production and Defendants seek to prevent it. Defendants contend that Plaintiff's requests for certain medical records are irrelevant and that redacting personal health information ("PHI") to comply with HIPAA or other laws would be unduly burdensome. Plaintiff asserts that the records help establish ICAS's purported improper practices, and thus are relevant to claims regarding Plaintiff's whistleblowing.[7]

Defendants initially represented that that there are approximately 19,000 responsive pdf files, each of which requires inserting a password before it can be reviewed. Plaintiff agreed to withdraw a request for billing records[8] and contends that number of files is probably closer to 4,000.[9] Defendants subsequently acknowledged that, contrary to their original representations, counsel "has been able to review each document without the necessity of inserting a password."[10] Even with this change and Plaintiff's concession on billing records, Defendants

---

[6] Docket no. 2.

[7] *See* docket no. 41 at 6-8.

[8] *See* docket no. 28 at 4.

[9] Docket no. 28 at 15.

[10] Docket no. 30 at 5.

still claim approximately 19,000 files and that review and redaction before production would cost $6,000.[11]

Defendants' motion is **DENIED**[12] and Plaintiff's motion is **GRANTED**.[13] The information sought appears "relevant to [a] party's claim or defense and proportional to the needs of the case" under the liberal discovery standards. Fed. R. Civ. P. 26(b)(1). Further, the burden articulated by Defendants is no different than that borne by any other party responding to requests for production, and does not approach the level of undue burden or expense.

Within twenty-one (21) days of the date of this order, Defendants are ordered to produce all documents responsive to the request with any PHI redacted as required by law. Defendants do not have to produce documents that they have already produced. If necessary, amended responses must be served within twenty-one (21) of the date of this order.

The court declines to impose sanctions on Defendants at this time.

**IT IS SO ORDERED**.

DATED this 23rd day of November, 2016.

BY THE COURT:

_Paul M Warner_

PAUL M. WARNER
United States Magistrate Judge

---

[11] Docket nos. 30 at 7 and 43 at 7.

[12] Docket no. 27.

[13] Docket no. 41.

3